MATTER OF LEWIS

Application for PERMISSION TO REAPPLY

A-11341677

*Decided by Acting Regional Commissioner March 23, 1964*

Because of his past convictions and deportations for illegal entry upon a false claim of U.S. citizenship, applicant is denied permission to reapply for admission, pursuant to section 212(a)(17), Immigration and Nationality Act, in the exercise of discretion since his temporary admission under the provisions of section 212(d)(3) of the Act may be considered in connection with an application to a United States consul for a nonimmigrant visa should a pressing need for medical treatment for himself or some other member of his family require him to come to the United States at some future time.

The case is on appeal from the denial of the application by the District Director at Chicago. The District Director denied the application on the ground that the applicant's past immigration record does not warrant favorable exercise of the discretion to grant the application.

The applicant, 37 years old, married, a native and citizen of British Honduras, who was deported from the United States on October 1, 1957, desires to reenter the United States as a visitor. On appeal, he states that he would like to know that if sickness should occur in his family or among his wife and children, he would be in a position to bring them to the United States for any sort of medical treatment not available in his country.

The applicant first entered the United States on July 31, 1944 as an agricultural worker. He was reported on October 15, 1946 to be absent without leave from the Department of Agriculture Holding Center. He was apprehended on the same day and he departed voluntarily to British Honduras under safeguards on November 1, 1946.

On October 14, 1956 the applicant entered the United States at San Ysidro, California without inspection by claiming to be a United States citizen. He was apprehended on September 4, 1957. He was convicted in the United States District Court, San Diego, California

on September 23, 1957 for entering the United States in that unlawful manner. He was sentenced to imprisonment for four months but execution of the sentence was suspended and he was placed on probation for five years on condition that he remain outside the United States. He was deported from the United States on October 1, 1957. The record shows that he entered the United States on October 14, 1956 to seek employment and to reside.

On July 4, 1960 he arrived at the port of San Ysidro, California and attempted to enter the United States again by claiming to be a United States citizen. He was paroled into the United States for prosecution. He was convicted in the United States District Court, San Diego, California on July 18, 1960 of illegally attempting to enter the United States after deportation. He was sentenced to imprisonment for two months for that offense. He was committed at the same time for an additional four months for the crime of which he had been convicted on September 23, 1957, and for which he had been placed on probation. He was given a hearing in exclusion proceedings on November 16, 1960 and was ordered excluded and deported as an immigrant without a visa. The record shows that he attempted to enter the United States on July 4, 1960 for the purpose of working in this country in order to support his wife and children who were residing in British Honduras, and he was deported on December 17, 1960 pursuant to the exclusion order.

On July 27, 1962 he arrived at the port of New Orleans with a visitor's visa and was paroled into the United States for a hearing before a special inquiry officer. He was instructed to report to the New Orleans office on July 30, 1962 and then to the Chicago office on or before August 6, 1962. After a sworn statement was taken from him in Chicago on August 6, 1962, he was released pending further notice to appear for a hearing. The notice sent to him on August 21, 1962 to appear for a hearing on August 28, 1962 was returned undelivered since he was not known at the address he gave. After an extensive investigation to locate him, his departure to British Honduras on December 18, 1963 was verified.

We agree with the District Director's decision to deny the application. Should a pressing need for medical treatment for himself or some other member of his family require him to come to the United States temporarily at some future time, the matter of authorizing his temporary admission under the provisions of section 212(d)(3) of the Immigration and Nationality Act may be considered in connection with his application to a United States consul for a nonimmigrant visa.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.